# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALMONDNET, INC., INTENT IQ, LLC, and DATONICS LLC,<br><br>                Plaintiffs,<br><br>        v.<br><br>LIVEINTENT, INC.,<br><br>                Defendant. | C.A. No. 24-cv-831-MN |

## [STIPULATED] PROTECTIVE ORDER

Disclosure and discovery in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. Accordingly, to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the Parties agree, subject to order of the Court, as follows:

## I.    DEFINITIONS

1.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.    Non-Party: any natural person partnership, corporation, association, or other legal entity who is not a Party to this action.

3.    Producing Party: a Party or Non-Party that produces items or information (regardless of the medium or manner in which those items or information are generated, stored, or maintained) in this action.

4.    Receiving Party: a Party or Non-Party that receives items or information (regardless of the medium or manner in which those items or information are generated, stored, or maintained) from a Producing Party.

5.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

that party.

## II.    INFORMATION SUBJECT TO THIS ORDER

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").1 Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE." All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Material." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition transcripts, natively produced documents, and tangible things other than documents) for which such protection is sought. For deposition transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed in the file name of each such natively produced document. For

---

[1] For the avoidance of doubt, where the accuracy of information is confirmed only through the review of Protected Material, the fact that such information is accurate is Protected Material. For example, the accuracy of unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material is not public information.

tangible things other than documents, the appropriate designation shall be prominently identified in a cover letter, a photograph of the object, or a label attached to the document. If two or more copies of the same document or thing are produced with or given inconsistent confidentiality designations, then the most restrictive designation shall apply to all such copies.

2. A Party may additionally identify Protected Material as "PROTECTED DATA" if the Party or a Non-Party reasonably believes such material, or any part of it, to be subject to federal, state or foreign Data Protection Laws or other privacy obligations (including, without limitation, The Gramm-Leach-Bailey Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"), or the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civil Code §§ 1798.100-1798.199.100).  The Parties agree that productions of PROTECTED DATA may require additional safeguards pursuant to federal, state or foreign statutes, regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

3. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order; any such documents produced with the designation "Confidential - Outside Attorneys' Eyes

Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order; and any such documents produced with the designation "Confidential – Source Code" or the like shall receive the same treatment as if designated "CONFIDENTIAL – SOURCE CODE" under this order; unless and until such document is re-designated to have a different classification under this Order.

**A.    Information Designated "Confidential Information"**

1.    For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any Party to this action and any Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive  information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.  Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.    Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

3.    All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph I, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4

4.      Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

5.      The following information is not CONFIDENTIAL INFORMATION:

a.   Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.   Any information that the Receiving Party can show was already publicly known prior to the disclosure; and,

c.   Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6.      Documents designated CONFIDENTIAL and information contained therein may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court herein:

a.   Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand

reporters and copy vendors;

b.  Technical advisers and their necessary support personnel, subject to the provisions of paragraph III herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party) with whom counsel may deem it necessary to consult and are not currently an employee or contractor, or, at the time of retention, anticipated to become an employee or contractor of a Party or of a Party's competitor;

c.  Up to two (2) in-house counsel who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d.  Up to one (1) designated representative of each of the Parties, who either has responsibility for making decisions dealing directly with the litigation of this Action, or who is assisting outside counsel in the litigation of this Action, and who has signed the form attached hereto as Attachment A and who has been properly disclosed to the Producing Party by serving a signed copy of Attachment A onto the Producing Party at least ten (10) days before access to CONFIDENTIAL INFORMATION is given to that Designated Representative, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such

6

consent. The Producing Party shall have ten (10) days after such notice is given to object in writing to the disclosure.  If after consideration of the objection, the Receiving Party refuses to withdraw the Designated Representative, that Party shall provide notice to the objecting Party. Thereafter, the objecting Party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the seven-business day period, absent an agreement of the Parties to the contrary or for an extension of such seven-business day period, shall operate as an approval of disclosure of Protected Information to the technical adviser.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules. No disclosure of Protected Information to a Designated Representative shall occur until that person has signed the form attached hereto as Attachment A, a signed copy has been provided to the Producing Party, and to the extent there has been an objection, that objection is resolved.

e.  The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

f.  Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and non–technical jury or trial consulting services,  including

7

mock jurors, provided the mock jurors sign Attachment A to this Protective

Order;

g.    Any mediator who is assigned to this matter, and their staff, who have signed

Attachment A.

**B.    Information Designated "Confidential Outside Attorneys' Eyes Only"**

1.    The CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation is

reserved for CONFIDENTIAL INFORMATION that contains or reflects information that is

extremely confidential and/or sensitive in nature and disclosure of which to another Party or

Non-Party would create a substantial risk of serious and immediate harm to the Producing Party

that could not be avoided by less restrictive means.  Such CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY information may include:  (a) marketing, financial, sales, web

traffic, research and development, or technical, data or information; (b) commercially sensitive

competitive information, including, without limitation, information obtained from a Non-Party

pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to

future products not yet commercially released and/or strategic plans; and, (d) commercial

agreements, settlement agreements or settlement communications, the disclosure of which is

likely to cause serious and immediate harm to the competitive position of the Producing Party.

Documents marked CONFIDENTIAL ATTORNEYS' EYES ONLY or similar shall be treated

as if designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY. In determining

whether information should be designated as CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY, each Party agrees to use such designation only in good faith.

2.    Documents designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY and information contained therein shall be available only to the persons or entities listed

in paragraphs I(A)(6)(a),(b),(e), (f) and (g) subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph I(A)(6)(c) or (d).

C.    **Information Designated "Restricted Confidential – Source Code"**

1.    The RESTRICTED CONFIDENTIAL—SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a Party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret Source Code[2] or live data (that is, data as it exists residing in a database or databases) documentation.

2.    Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

    a.    Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms, including copy vendors;

    b.    Up to three (3) technical advisers per Party, pre-approved in accordance with Paragraph III and specifically identified as eligible to access Source Code;[3]

    c.    The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording trial testimony or other proceedings in this action.  Deposition court reporters and/or videographers

___

[2] "Source Code" means computer code, associated comments, and/or revision histories for computer code.

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analyses shall count as disclosure to a single consultant or expert.

shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

d.  While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure or experts disclosed by the Producing Party; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

e.  Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and non–technical jury or trial consulting services;

f.  Any mediator who is assigned to this matter, and their staff, who have signed Attachment A.

3.  Any Source Code produced in discovery shall be made available for inspection, in

a format allowing it to be reasonably reviewed and searched, during normal business hours (9:30 a.m. to 5:00 p.m. local time, Monday–Friday, excluding holidays) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's occasional requests for access outside of normal business hours when circumstances demand it.

    4.    The Source Code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Source Code Computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Source Code Computer. All persons entering the room containing the Source Code Computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the room. The Source Code Computer will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than 5 business days in advance of the initial requested inspection, unless otherwise agreed. The Receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. The Producing Party may visually monitor, in a non-intrusive fashion and at reasonable intervals, through a glass wall or window, the activities of the Receiving Party's representatives, but only to ensure that no unauthorized electronic

records of the Source Code and no information concerning the Source Code are being created or

transmitted in any way. The Producing Party shall not monitor the review conducted by the

Receiving Party through analyzing the electronic access record on the Source Code Computer

(e.g., command histories, recent file lists, file access dates, undo histories), or otherwise, except

as required to address technical issues or security concerns, as agreed to by the Receiving Party,

or as ordered by the Court. During review of RESTRICTED CONFIDENTIAL - SOURCE

CODE, the Receiving Party (including its consultants and experts) may take handwritten or

electronic notes relating to the RESTRICTED CONFIDENTIAL - SOURCE CODE. All

handwritten notes must be taken on consecutively numbered permanently bound notebooks that

are clearly labeled on their cover(s) as "RESTRICTED CONFIDENTIAL – SOURCE CODE"

("Review Notebooks"). Any notes taken during review of Source Code may not copy any

portion of the Source Code, except for Source Code file names, line numbers, function names,

variable names, and quotations from "code comments." No copies of all or any portion of the

RESTRICTED CONFIDENTIAL - SOURCE CODE may leave the room in which the

RESTRICTED CONFIDENTIAL - SOURCE CODE is inspected except as otherwise provided

herein.

5.      The Receiving Party may request paper copies of limited portions of Source Code

that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

other papers, or for deposition or trial, but shall not request paper copies for the purposes of

reviewing the Source Code other than electronically as set forth in paragraph I(C)(3) in the first

instance.  The Parties therefore agree to presumptive limits of no more than 50 consecutive

pages, or an aggregate total of more than 1000 pages, of printed Source Code, absent prior

written approval by the Producing Party or a showing of good cause.  The Producing Party shall

work in good faith to accommodate requests for printing that exceed the presumptive limits. The Producing Party shall provide all such Source Code in paper form including Bates numbers and the label "RESTRICTED CONFIDENTIAL - SOURCE CODE." The Producing Party shall either (i) endeavor to provide requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" as soon as reasonably possible on the date requested, and in any event no later than five-business days after the request or (ii) inform the Receiving Party that it objects that the printed portions are excessive or not done for a permitted purpose in which case the Parties shall meet and confer over the objections within 2 business days of receipt of the objection(s). Should the Producing Party fail to file a motion requesting relief from production within 5 business days of the objection(s), the objection is deemed resolved. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet except as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party. The Producing Party shall endeavor to accommodate shorter turnaround requests. At the inspecting Party's request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

6.      The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code (regardless whether in paper or some other form). The Receiving Party may also temporarily keep the Source Code printouts

13

at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code printouts to a Court proceeding or deposition (e.g., a hotel prior to a Court proceeding or deposition) provided that the Receiving Party ensures that the Source Code Printouts are securely maintained in the Receiving Party's possession, custody, and control and kept in a manner that ensures access is limited to the persons authorized under this Order.

7.      Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged, e-mailed, transmitted, uploaded, photographed, printed, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. For purposes of clarity, the Receiving Party's outside counsel, technical advisors, and/or expert(s) are entitled to take notes relating to the Source Code; however, they may not copy any portion of the Source Code into the notes, except for Source Code file names, line numbers, function names, variable names, and quotations from "code comments." Furthermore, no copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein, and no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

8.      The Receiving Party may create an electronic copy, image, or printed copy of limited excerpts of Source Code only to the extent necessary in a filing, expert report, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only

include such excerpts as are reasonably necessary for the purposes for which such part of the

Source Code is used. Images or copies of Source Code shall not be included in correspondence

between the Parties (references to production numbers shall be used instead) and shall be omitted

from pleadings and other papers except to the extent permitted herein. The Receiving Party may

create an electronic image of a selected portion of the Source Code only when the electronic file

containing such image has been encrypted using commercially reasonable encryption software

including password protection. The communication and/or disclosure of electronic files

containing any portion of Source Code shall at all times be limited to individuals who are

authorized to see Source Code under the provisions of this Protective Order. Additionally, all

electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

       9.     Nothing in this Protective Order shall be construed as a representation or

admission that Source Code is properly discoverable in this action or to obligate any Party to

produce any Source Code. The Source Code provisions included herein are the minimum

restrictions on the production of Source Code and are without waiver to the inclusion of

additional limitations once the scope of discovery into Source Code is clarified.

       10.    Any review of source code on the Source Code Computer by the Receiving Party

must occur prior to the close of fact discovery unless otherwise agreed among the Parties,

ordered by the Court, or as follows. To the extent either Party discloses arguments, evidence,

opinions, and/or citations pertaining to source code, that were not fairly disclosed during fact

discovery, the other Party shall be entitled to further review of source code on the Source Code

Computer prior to the close of expert discovery.

       11.    The Producing Party shall provide basic instructions to the Receiving Party

regarding how to operate the Source Code Computer for purposes of accessing the produced

Source Code as permitted in this Protective Order.

12.     The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above. The Receiving Party will provide a copy of those tools, including all necessary licenses, at least three (3) business days before the review commences.  If the Producing Party approves such software tools (and such approval shall not be unreasonably be withheld), the Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party. By way of example, the Producing Party will not compile or debug software for installation.

13.     To enable electronic note taking during Source Code reviews, the Producing Party of Source Code shall also provide an additional "note-taking" computer loaded with at least Microsoft One Note, Notepad++, and Microsoft Word software, unless otherwise agreed by the Producing Party and the Receiving Party. The note-taking computer shall either be a portable laptop or be located in close proximity to the Source Code Computer to facilitate electronic note taking, and shall not be linked to any network, including a local area network ("LAN"), an intranet or the Internet.

i)      At the beginning of a Source Code review session, the Producing Party shall, when requested by the reviewer, upload to the note-taking computer an encrypted notes file (e.g., uploading an encrypted notes file from a USB memory stick provided by the reviewer to the note-taking computer).

ii)     The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code review session. During the source Code review session, the Producing Party may disable any input and/or output devices

on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard). Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the note-taking computer.

        iii)    At the end of a Source Code review session, the reviewer may save any notes in the same encrypted notes file. The Producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer (e.g., downloading the encrypted notes file from the note-taking computer to a USB memory stick provided by the reviewer).

        iv)    If requested by the Producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

        v)    If requested by the Producing Party, a representative for the Producing Party may oversee the transfer of the encrypted notes file from the secure data storage device to the notetaking computer, and vice-versa, without reviewing the substance of the electronic notes.

        vi)    The reviewer shall not take notes electronically on the Source Code Computer containing Source Code Material or any other computer or electronic device (besides the note-taking computer) while conducting a review.

        14.    Furthermore, for depositions of persons qualified to view Source Code, at least five (5) business days before the date of the deposition, or in the case of a deposition reasonably scheduled less than one (1) week in advance, no later than 24 hours after scheduling such deposition, the Receiving Party shall notify the Producing Party if the Receiving Party wishes to

have the Source Code Computer and/or Source Code printouts available at the deposition. To the extent the location and schedule of depositions makes it impractical to have a Source Code Computer at multiple depositions where it is necessary, the Parties will meet and confer to determine which portions of source code will be used at which depositions, so that a reasonable number of additional Source Code Computer may be efficiently created and made available. The computer upon which Source Code is made available at the deposition shall include appropriate software analysis tools as discussed above, provided the Receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition source code computer. The Producing Party shall make the requested Source Code printouts available at the deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

### D.    Use of Protected Information at Trial

1.    The Parties shall address the subject of how to manage Protected Information at trial during the Court's final pretrial conference or as the Court otherwise directs.

## III.    PROSECUTION BAR

1.    Absent written consent from the designating Party, any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order ("Barred Persons") shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application

pertaining to the subject matter of the patents-in-suit as well as the subject matter of the

HIGHLY SENSITIVE MATERIAL to which access is received, including without limitation the

patents asserted in this action and any patent or application claiming priority to or otherwise

related to the patents asserted in this action, before any foreign or domestic agency, including the

United States Patent and Trademark Office ("the Patent Office"). This bar shall be in effect upon

first receipt of HIGHLY SENSITIVE MATERIAL and ends one (1) year after the conclusion of

this action, including any appeals. Nothing in this Order shall prevent a person with access to

HIGHLY SENSITIVE MATERIAL from participating in post-grant PTO proceedings—e.g.,

IPR, PGR, ex parte reexamination—except that person shall not participate—directly or

indirectly—in the amendment of any claim(s) or drafting of any new claim(s). For purposes of

this paragraph, "prosecute" includes directly or indirectly drafting, amending, advising, or

otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for

example, original prosecution, reissue, and reexamination and other post-grant proceedings. To

avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party

challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

protest, ex parte reexamination, post grant review, or inter partes review).

## IV.    DISCLOSURE OF TECHNICAL ADVISERS

1.    Information designated by the Producing Party under any category of Protected

Information and such copies of this information as are reasonably necessary for maintaining,

defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's

technical advisers and their necessary support personnel.

2.    No disclosure of Protected Information to a technical adviser or their necessary

support personnel shall occur until that person has signed the form attached hereto as Attachment

A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph III(4), that objection is resolved according to the procedures set forth below.

3.      A Party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation and the Producing Party shall have ten (10) days after such notice is given to object in writing to the disclosure.  The Party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:  name, address, curriculum vitae, current employer, employment history for the past four years,[4] a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant.  No Protected Information shall be disclosed to such technical adviser(s) until after the expiration of the foregoing notice period and resolution of any objection.

4.      A Party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection.  The objecting Party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld.

5.      If after consideration of the objection, the Party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that Party shall

---

[4] With regard to the information sought through such a disclosure, if the expert or consultant believes any of this information is subject to a confidentiality obligation to a Third Party, then the expert or consultant should provide whatever information they believe can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the consultant or expert must be available to meet and confer with the designating Party regarding any such engagement.

provide notice to the objecting Party.  Thereafter, the objecting Party shall move the Court, within seven (7) calendar days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the seven-calendar day period, absent an agreement of the Parties to the contrary or for an extension of such seven-calendar day period, shall operate as an approval of disclosure of Protected Information to the technical adviser.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

6.  The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.

## V.  CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

1.  The Parties shall use reasonable care when designating documents or information as Protected Information.  Indiscriminate designations are prohibited.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

2.  A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The Parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation.  The burden of

demonstrating the confidential nature of any information shall at all times be and remain on the designating Party.

3.      Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## VI.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

1.      All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

   a.    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information that has been produced by that Party and of which the witness has personal knowledge.

   b.    A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment.

22

c.  Non-Parties may be examined or testify concerning any document containing Protected Information of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the Non-Party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party.  Non-Parties may also be examined or testify concerning any document containing Protected Information of a Producing Party that appears on its face or from other documents or testimony to have been generated or created by the Non-Party. Further, Non-Parties may also be examined or testify concerning any document containing Protected Information of a Producing Party that appears on its face or from other documents or testimony to have been generated or created by an entity or an employee of an entity by which the Non-Party was once or is currently employee and where the Protected Information appears on its face or from other documents or testimony to (1) have been generated or created during the Non-Party's employment and (2) related to the scope of the Non-Party's employment with that entity. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will

23

comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

d.  Individuals identified in the Protected Material as an author, addressee, or copy recipient of such information may be examined and may testify concerning such Protected Information.

e.  Individuals although not identified as an author, addressee, or copy recipient of such Protected Material, who has, in the ordinary course of business, seen such Protected Material may be examined and may testify concerning such Protected Information

f.  All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

g.  Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they

24

are not so retrieved.  No material or copies thereof so filed shall be released

except by order of the Court, to outside counsel of record, or as otherwise

provided for hereunder.  Notwithstanding the foregoing and with regard to

material designated as Restricted Confidential - Source Code, the provisions

of Paragraph I(C) are controlling to the extent those provisions differ from this

paragraph.

h.  Protected Information shall not be copied or otherwise produced by a

Receiving Party, except for transmission to qualified recipients, without the

written permission of the Producing Party, or, in the alternative, by further

order of the Court.  Nothing herein shall, however, restrict a qualified

recipient from making working copies, abstracts, digests and analyses of

CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY information for use in connection with this litigation and such working

copies, abstracts, digests and analyses shall be deemed Protected Information

under the terms of this Order.  Further, nothing herein shall restrict a qualified

recipient from converting or translating CONFIDENTIAL and

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information

into machine readable form for incorporation into a data retrieval system used

in connection with this action, provided that access to that Protected

Information, in whatever form stored or reproduced, shall be limited to

qualified recipients.

i.  At the request of any Party, the original and all copies of any deposition

transcript, in whole or in part, shall be marked "CONFIDENTIAL" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by the reporter.  This request may be made orally during the deposition or in writing within ten business days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order. Any disputes over the designation of a deposition transcript shall be governed by Section V, above.

3.      Each Party receiving Protected Information shall comply with all applicable export control statutes and regulations. See, e.g., 15 C.F.R. 734.2(b). No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). No Protected Information may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

## VII.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

1.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected data is not a waiver in the pending case or in any other federal or state proceeding.  The Receiving Party shall not use produced data that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.  The mere production of privileged information in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

2.    In addition, the inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect the Producing Party's right to seek return of the inadvertently produced document, information, or thing.  The Party receiving the document(s) that appears to be privileged shall promptly notify the Producing Party upon becoming aware that the document(s) may have been inadvertently produced and in any event, before making use of said document.

3.    In the event that documents which are claimed to be privileged or subject to the work-product doctrine are inadvertently produced, such documents shall be returned by the Receiving Party within two (2) calendar days of any written request therefore.  The Receiving Party shall return all copies of the inadvertently produced document(s) and not retain any copies, notes, or summaries of said documents.  If the Receiving Party seeks to challenge the privileged nature of the document(s), the Receiving Party must still return the document(s) to the Producing Party but may then seek re-production of the document(s).

4.    It is the desire, intention, and mutual understanding of the Parties that all inadvertently or unintentionally disclosed or produced privileged information shall be treated as confidential and may not be disclosed by the Receiving Party to persons or entities other than the

27

Producing Party without the written consent of the Producing Party.

5.      If a Party who received documents or information over which a privilege is asserted has disclosed such documents or information to any person or in any circumstance, the Party must immediately:  (a) notify, in writing, the Producing Party of the disclosure; (b) use best efforts to retrieve all copies of the documents or information over which the privilege is asserted; and (c) notify, in writing, the Producing Party regarding whether all copies have been retrieved.

6.      The Parties further agree that no motion to compel or other argument for waiver of privilege will be raised based upon the inadvertent or unintentional production or disclosure of privileged information.

7.      Nothing herein shall prevent the Receiving Party from challenging the propriety of the claim of attorney client privilege, work product protections or other applicable privilege or immunity designation, or waiver of any applicable privilege by failure to act promptly upon becoming aware of any inadvertent production, by submitting a written challenge to the court.

## VIII.   MISCELLANEOUS PROVISIONS

1.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an attorney for the Party against whom such waiver will be effective.

2.      Within ninety days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party shall, at the option of the Producing Party, either return or destroy all physical objects and documents that embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and

documents shall remain subject to this Order.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. In addition, outside counsel shall be entitled to maintain copies of all documents filed with the Court, expert reports, discovery responses, local and Federal rule disclosures, transcripts (including without limitation, deposition, hearing, and trial transcripts), and exhibits and demonstratives offered or introduced at any deposition, hearing or trial. Nothing in the foregoing sentence shall entitle outside counsel to retain copies of document productions that accompany discovery responses.  Further, outside counsel shall be entitled to maintain copies of their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information for archival purposes only.  If a Party opts to destroy CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, the Party must provide a Certificate of Destruction to the Producing Party.

3.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such documents and to its counsel and shall provide each such Party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed

may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with the terms of this Protective Order.

4.      This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

5.      The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the District of Delaware.

6.      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

7.      Each of the Parties agrees to be bound by the terms of this Protective Order as of

the date counsel for such Party executes this Protective Order, even if prior to entry of this order by the Court.

## IX.    NON-PARTY USE OF THIS PROTECTIVE ORDER

1.    A Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

2.    A Non-Party's use of this Protective Order to protect its Protected Information does not entitle that Non-Party access to the Protected Information produced by any Party in this case.

## X.    OTHER PROCEEDINGS

1.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated:  September 24, 2025                      Respectfully submitted,

FARNAN LLP                                       FISH & RICHARDSON P.C.

/s/ Brian E. Farnan                              /s/ Grayson P. Sundermeir
Brian Farnan (Bar No. 4089)                      Susan E. Morrison (#4690)
Michael J. Farnan (Bar No. 5165)                 Grayson P. Sundermeir (#6517)
919 North Market Street, 12th Floor              222 Delaware Avenue, 17th Floor
Wilmington, DE 19801                             Wilmington, DE 19801
(302) 777-0300                                    (302) 652-5070
bfarnan@farnslaw.com                             morrison@fr.com
mfarnan@farnanlaw.com                            sundermeir@fr.com

*Attorneys for Plaintiffs*                       *Attorney for Defendant*

IT IS SO ORDERED this ___day of September, 2025.


_____
The Honorable Maryellen Noreika

32

## ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER

1. My name is _____.

2. I reside a _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have read the Agreed Protective Order dated _____, 2025, and have been

   engaged as _____ on behalf of _____

   in the preparation and conduct of litigation styled *AlmondNet, Inc. et al v. LiveIntent,*

   *Inc.*, 24-cv-831-MN (D. Del. 2024)

6. I am fully familiar with and agree to comply with and be bound by the provisions of said

   Order.  I understand that I am to retain all copies of any documents designated as

   CONFIDENTIAL, CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and/or

   RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, in a

   secure manner, and that all copies are to remain in my personal custody until I have

   completed my assigned duties, whereupon the copies and any writings prepared by me

   containing any information designated CONFIDENTIAL, CONFIDENTIAL –

   OUTSIDE ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-

   SOURCE CODE, or any similar designation, are to be returned to counsel who provided

   me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order, and

   will not copy or use except solely for the purpose of this action, any information obtained

   pursuant to said Order, except as provided in said Order.  I also agree to notify any

stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with paragraph III(3) of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20____.